**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| WILDEARTH GUARDIANS, ) | No. CV 10-863-PHX-MHM |
| Plaintiff, ) |  |
| vs. ) | **ORDER** |
| ) |  |
| UNITED STATES FEDERAL ) EMERGENCY MANAGEMENT ) AGENCY, ) |  |
| Defendant. ) |  |

Currently before the Court is Plaintiff Wildearth Guardians' Motion for Leave to Supplement "Purported" Administrative Record. (Doc. 28). Having carefully considered the Parties' briefing and determined that oral argument is unnecessary, the Court issues the following Order:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001–4129, Defendant Federal Emergency Management Agency ("FEMA") is authorized to establish and carry out the National Flood Insurance Program ("NFIP"). 42. U.S.C. §§ 4001(a), 4011, 4128. In its First Amended Complaint, Plaintiff Wild Earth Guardians ("WEG") alleges that Defendant's administration and implementation of the NFIP in Arizona violates the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*., the National

Environmental Policy Act ("NEPA"), 42 U.S.C. 4321 *et seq.*, and two Executive Orders; 11988 and 11990. Specifically, WEG asserts that ESA Section 7(a)(2) requires FEMA to consult with the Fish and Wildlife Service ("FWS") concerning the NFIP's impact on threatened and endangered species, that NEPA requires FEMA to undertake a supplemental NEPA analysis, and that the Executive Orders require FEMA to engage in further analysis regarding floodplains and wetlands. Plaintiff seeks both injunctive and declaratory relief.

Plaintiff Wildearth Guardians originally filed this case on August 26, 2009, in the Tucson division of the District of Arizona. (Doc. 1). On November 20, 2009, Plaintiff filed its First Amended Complaint, adding five more causes of action. (Doc. 20). On April 16, 2010, Judge David Bury granted Defendant's Motion for Change of Venue, (Doc. 21), moving this case to the Phoenix division of the District of Arizona. Plaintiff filed its original Motion to Supplement Administrative Record on May 5, 2010, (Doc. 22). Shortly thereafter, pursuant to the Parties' stipulation, and so that the Parties might resolve the issue of record supplementation on their own, the Court extended the time for Defendant to respond to Plaintiff's motion. (Doc. 24). After the Parties once again sought to modify the briefing schedule, the Court entered an order denying Plaintiff's motion as unripe and informed the Parties that if they were unable to resolve their dispute concerning supplementation of the record, Plaintiff could file a renewed motion to supplement. (Doc. 27).

On July 30, 2010, Plaintiff filed the instant Motion to Supplement the Administrative Record. (Doc. 28). After being granted an extension of time, (Doc. 30), Defendant responded on August 30, 2010, (Doc. 31), and the motion became fully briefed when Plaintiff replied on September 24, 2010. (Doc. 35). Also on September 24, 2010, Defendant filed its Notice of Recent Decision Re: Plaintiff's Motion to Supplement the Administrative Record, informing this Court of a potentially relevant and recently decided Ninth Circuit case, Western Watersheds Project v. Kraayenbrink, 620 F.3d 1187 (9th Cir. 2010) (Doc. 34). On October 8, 2010, Plaintiff filed a response to Defendant's Notice. (Doc. 37). Finally, on February 1, 2011, Plaintiff filed its own Notice of Supplemental Authority Re: Plaintiff's Motion for Leave to Supplement Purported Administrative Record, informing this Court that

- 2 -

the Kraayenbrink decision had been amended upon the Ninth Circuit's denial of an *en banc* rehearing, Western Watersheds Project v. Kraayenbrink, _ _F.3d 2011_ _, 2011 WL 149363 (9th Cir. January 19, 2011).  (Doc. 38).

## II.     DISCUSSION

The instant motion concerns a discrete issue; whether Plaintiff may supplement the administrative record.  Plaintiff argues that supplementation is allowable as to both his ESA claims and his NEPA claim; Defendant disagrees.  The Court will address this issue as it relates to Plaintiff's NEPA claim first.

### A.     Supplementation of the record is permissible in NEPA failure-to-act claims

NEPA claims are reviewed under the judicial review provision of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.  Turtle Island Restoration Network v. United States Dept. of Commerce, 438 F.3d 937, 943 (9th Cir. 2006). "When a plaintiff challenges a final agency action, judicial review normally is limited to the administrative record in existence at the time of the agency's decision." Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000).  However, in cases such as this one, where the plaintiff seeks to "compel agency action unlawfully withheld or unreasonably delayed," "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record." Id.; San Francisco Baykeeper v. Whitman, 297 F.3d 877, 886 (9th Cir. 2002) ("As this case concerns agency inaction, there can be no final agency action that closes the administrative record or explains the agency's actions").  "The reason for this rule is that when a court is asked to review agency inaction before the agency has made a final decision, there is often no official statement of the agency's justification for its actions or inactions." San Francisco Baykeeper, 297 F.3d at 886.

Defendant appears to acknowledge that supplementation of the record is permitted in failure to acts cases, but argues that it is permitted only in four circumstances:

> (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, [ ] (3) when supplementing the record is

> necessary to explain technical terms or complex subject matter, [or] (4) when plaintiffs make a showing of agency bad faith.

Center for Biological Diversity v. U.S. Fish & Wildlife Serv., 450 F.3d 930, 943 (9th Cir. 2006). The Court rejects this argument. While these four exceptions undoubtedly control supplementation of the record in cases where a final agency action is challenged, they do not appear to apply in failure-to-act cases. In so finding, the Court notes that none of the Ninth Circuit cases that have addressed record supplementation in failure-to-act cases make reference to or condition supplementation on the four exceptions. See, e.g., Friends of the Clearwater v. Dombeck, 222 F.3d at 560; San Francisco Baykeeper, 297 F.3d at 886. Additionally, utilization of these exceptions in failure-to-act cases would render superfluous the Ninth Circuit's repeated statements that the record is not closed in such cases. The Ninth Circuit's treatment of record supplementation in failure-to-act cases strongly suggests that failure to act cases are themselves an independent exception to the record review rule. See Independence Mining Co. v. Babbitt, 105 F.3d 502, 505 (9th Cir. 1997) ("Judicial review of an agency's actions under § 706(1) for alleged delay *has been deemed an exception* to the "final agency decision" requirement." (emphasis added)); see also Firebaugh Canal Water Dist. v. United States, 2010 U.S. Dist. LEXIS 97707, *5–7 (E.D. Cal. Sept. 17, 2010) (finding that a "court is not limited to those four exceptions in a 706(1) case," and that failure to act cases present are an "an exception to the record review rule for cases challenging agency delay.").

Defendant also argues, that even if supplementation of the record is permissible, only the Government may provide such evidence. While this Court's review of the case law suggests that the Government is the party that most often seeks to supplement the record, the Ninth Circuit has not promulgated any rule that prohibits a Plaintiff from doing so as well. And to the contrary, in Independence Mining Co., the Court upheld a district court's consideration of extra-record material in part because "the court permitted both sides to submit supplemental evidence." Id. Likewise, the district court in Consejo de Desarrollo Economico de Mexicali v. United States, granted the plaintiff's request to supplement the

- 4 -

1 record in his failure to act claim. 438 F. Supp. 2d 1207, 1222 (D. Nev. 2006) ("Accordingly, the Court will grant Plaintiffs' motion to supplement the Administrative Record with admissible materials relating to Plaintiffs' NEPA and ESA claims and will deny Defendants' motion to limit the scope of review to the Administrative Record."); see Firebaugh Canal Water Dist., 2010 U.S. Dist. LEXIS 97707 at *26 (granting plaintiff leave to supplement the record in a failure to act case). Accordingly, Plaintiff is not precluded by law from supplementing the record in this case.

### B. Supplementation of the record is permissible in claims brought pursuant to the ESA's citizen suit provision

The Parties disagree about the same issue with respect to Plaintiff's ESA claims; whether supplementation of the record is permitted. Defendant's arguments in opposition to Plaintiff's motion, however, have been mooted by the Ninth Circuit's recent decision in Western Watersheds Project v. Kraayenbrink, _ _F.3d 2011_ _, 2011 WL 149363 (9th Cir. January 19, 2011). The Kraayenbrink Court stated unequivocally that the scope of review[1] for ESA citizen-suit claims is not provided for by the APA and as a result parties may submit and the court may consider evidence outside the administrative record :

> As we explained in Washington Toxics Coalition, the APA applies only where there is "no other adequate remedy in a court," 5 U.S.C. § 704, and-because the ESA provides a citizen suit remedy-the APA does not apply in such actions. 413 F.3d at 1034.Therefore, under Washington Toxics Coalition we may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim.

2011 WL 149363, *22 (citing Washington Toxics Coal. v. EPA, 413 F.3d 1024,1030 (9th Cir. 2005). Plaintiff has brought all four of its ESA claims under the Act's citizen-suit provision. These claims therefore—even those which Defendant's attempt to paint as challenges to final agency action—are not governed by the APA and its record-review rule.

---

[1] The Court notes that the Kraayenbrink decision did not affect Ninth Circuit precedent with respect to the standard of review in ESA citizen suit cases, which remains arbitrary and capricious. _ _F.3d 2011_ _, 2011 WL 149363. *1 ("Irrespective of whether an ESA claim is brought under the APA or the citizen-suit provision, the APA's "arbitrary and capricious" standard applies." (citing Natural Res. Council v. Allen, 476 F.3d 1031, 1036 (9th Cir.2007)).

- 5 -

### C. Plaintiff may supplement the record

Having determined that Plaintiff is not barred by law from supplementing the record, the Court must now determine whether Plaintiff should be permitted to do so. This is a decision that lies within the sound discretion of the trial judge. San Francisco Baykeeper, 297 F.3d at 886. Although no specific standard has been articulated, the applicable case law suggests that a party should be permitted to supplement the record with evidence that is relevant to the question of whether relief should be granted. See Friends of the Clearwater, 222 F.3d at 560 ("if extra-record evidence shows that an agency has rectified a NEPA violation after the onset of legal proceedings, *that evidence is relevant to the question of whether relief should be granted.*" (emphasis added)); Independence Mining Co., 105 F.3d at 511 (finding that district court did not err reviewing non-record document because "[i]t was merely supplemental evidence submitted *in support of appellee's position* on IMC's motion for reconsideration." (emphasis added); Consejo de Desarrollo Economico de Mexicali v. United States, 438 F. Supp. 2d 1207, 1222 (D. Nev. 2006) ("Because the remaining claims are actions to compel agency action unlawfully withheld, the Court will not limit its review to the Administrative Record and instead will consider materials submitted by Plaintiffs *as they relate to the present matter.*" (emphasis added)). The Court will utilize the same standard with respect to Plaintiff's ESA claims, which are not subject to the APA's record-review rule, and therefore should be at least as permissive with respect to what non-record documents can be added to the record as those claims which are governed by the APA. See Western Watersheds Project, _ _F.3d 2011_ _, 2011 WL 149363 at *22-23 (considering various declarations of expert scientists submitted in support of Plaintiff's "may affect" ESA claim).

In its brief, Plaintiff requests that it be allowed to supplement the record with three types of documents (although it has not put forward a list of specific documents which it wants added to the record), explaining in general terms their relevancy to the case. Because Defendant took the position that supplementation was not permitted, it failed to explain why the types of documents Plaintiff wishes to add to the record are not relevant to the merits of

1   this case. The first type of documents are biological opinions ("BO") issued to Defendant
2   by the FWS concerning whether administration of the NHIP puts at risk the continued
3   survival of any threatened or endangered species. Plaintiff alleges that these documents will
4   be relevant to the Court's consideration of Defendant's discretion with respect to its
5   administration of the NHIP by demonstrating ways in which that discretion can and should
6   be exercised to benefit species protected by the ESA. Given the allegations in this case, it
7   appears that the BO's will be relevant to the issue of Defendant's discretion in this area and
8   should be included in the record. Secondly, Plaintiff wishes to supplement the record with
9   so-called fact-based non-litigation documents, but points only to a 2006 independent study
10  commissioned by Defendant (the "AIR study") to evaluate the NFIP. The AIR study also
11  appears relevant, as it concludes that some of Defendant's NEPA required environmental
12  impact studies may not reflect the actual impacts of the program as administered today,
13  which is one of the issues directly at issue in this litigation. (AIR Study, Doc. 28, Exh. 2,
14  p.4–5). Finally, Plaintiff wishes to rely on background information prepared by FWS
15  concerning the imperilled species in Arizona that rely on floodplains for their survival.
16  While it is at this early stage in the litigation difficult to be certain, this type of information
17  appears relevant, as two of Plaintiff's claims concern Defendant's alleged failure to comply
18  with its duty to ensure its administration of the ESA is consistent with the conservation of
19  endangered and threatened species. See 16 U.S.C. § 1536(a)(1). Should the Court reach a
20  merits determination on these claims, information concerning the species which Defendant
21  must work to conserve will likely be relevant.
22        In light of the foregoing, the Court finds that Plaintiff may supplement the record with
23  (1) BO's issued by the FWS as to FEMA's administration of the NHIP; (2) the AIR Report;
24  and (3) FWS reports concerning endangered or threatened species that live in Arizona's
25  floodplains and their accompanying eco-systems. Additionally, the Court will direct the
26  Parties to meet and confer so that they might reach an agreement on any other documents
27  they may wish to add to the record. While the Parties have been unsuccessful at bridging
28  their differences in the past, this appears to have been due to disagreement concerning the

1 legality of supplementation.  Accordingly, efforts to reach an agreement should be considerably aided by this Order, which has explained that all relevant evidence will be considered as it pertains to the ESA and NEPA claims.  The Court warns the Parties, however, that they should not attempt to strain the meaning of the phrase relevant.  Supplementation should be limited to those documents which truly bear on the merits of the case and that are not duplicative of evidence already in the record, better considered through judicial notice, or legal authority that can be referenced as a matter of law.  If there are documents on which the Parties cannot reach agreement, the Parties will need to move for the entry of those specific documents and the Court will resolve the procedure for so doing at a later date.

### D. The Court will not allow supplementation of the record as to Plaintiff's Executive Order claims

In the proposed Order it filed with this Court, Plaintiff concedes that its Executive Order claims (claims six and seven), are governed by the record rule, and that supplementation of the record is permitted only if one of the four exceptions to the record rule has been met.  See Center for Biological Diversity, 450 F.3d at 943 (stating that a party may supplement the record "(1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, [ ] (3) when supplementing the record is necessary to explain technical terms or complex subject matter, [or] (4) when plaintiffs make a showing of agency bad faith.").  Still, Plaintiff goes on to request that this Court find that "some of the evidence" which it discussed in its briefs "may" fall within one or more of the exceptions, allow this unspecified evidence to be added to the record, and than place the burden of striking that evidence on Defendant.  This request is unreasonable, as it unfairly shifts the burden of demonstrating an exception applies, which is substantial, to Defendant, forcing it to show that an exception does not apply.  Additionally, the Court notes that in its original brief, Plaintiff did not make any arguments concerning the applicability of the factors to the evidence its wishes to introduce, waiting to do so until its reply brief and than never

mentioning that evidence's relationship to the Executive Orders in question. If Plaintiff wishes to supplement the record with respect to its executive order claims, it must file a motion and meet its burden. To the extent it was even asked for, Plaintiff's request to supplement the record at this time as to its executive order claims is denied.

**Accordingly,**

**IT IS HEREBY ORDERED** granting in part and denying in part Plaintiff's Motion for Leave to Supplement "Purported" Administrative Record. Plaintiff (and Defendant) may supplement the record as to its ESA and NEPA claims with the 1) BO's issued by the FWS as to FEMA's administration of the NHIP; (2) the AIR Report; and (3) FWS reports concerning endangered or threatened species that live in Arizona's floodplains and their accompanying eco-systems, and any other documents that are relevant to the question of whether relief should be granted.

**IT IS FURTHER ORDERED** directing each Party to provide the other with a list of the documents with which it wishes to supplement the record and copies of those documents no later than fifteen days after the entry of the Order. After the lists and documents have been exchanged, the Parties are to meet and confer, attempting to resolve any disputes that arise, bearing in mind that relevance is the standard. No later than thirty days from the date of this Order, the Parties are directed to file a status report with the Court listing all documents they have agreed should be added to the record and those on which they have not agreed. At that time, the Court will determine how best to proceed concerning the documents that remain in dispute.

**IT IS FURTHER ORDERED** denying Plaintiff's request to supplement the record as to its sixth and seventh claims.

///

**IT IS FURTHER ORDERED** directing the Clerk of the Court to reassign this Case.

DATED this 15th day of March, 2011.

_____
Mary H. Murguia
United States District Judge